BAIRD'S HEIRS *vs* PARKER.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The transfer of a debt upon the consideration in part, that the transferree should pay a certain portion of the proceeds to a third person when the debt was collected, gives no cause of action against the transferree until the debt is collected, or at least more of it than is necessary to cover the transferree's own debt.

The transferree is exonerated from responsibility to such third person by pursuing the debtor to insolvency.

Although the transferree had originally assigned the debt warranting the solvency of the debtor, if it be retransferred to him by a subsequent assignee on condition that he pay a third person a certain sum, in case he collects the debt, he is not bound to such third person on his original warranty.

The facts are stated in the opinion of the court, delivered by MATHEWS, J.,

In this case, the plaintiffs claim the sum of one thousand four hundred dollars, with interest, from the defendant, alleging that he assumed to pay to their ancestor that amount, as evidenced by a bill of exchange drawn by E. Livingston, in favor of J. M. Reynolds, as agent for Charles Baird, on Samuel Elkins, and accepted by the latter. From a judgement rendered for the defendant by the court below, the plaintiff appealed.

The facts of the case are somewhat complicated, although established by written documents. It appears by the evidence that Parker the defendant, in July, 1818, sold to one Parkins, a certain number of slaves for the price of eight thousand one hundred dollars, payable in two instalments of four thousand and fifty dollars each; that in the same year, E. Livingston sold to Parker, five lots on the batture and took in part payment of the price, a transfer of the debt due by Parkins

EASTERN DIS.
July, 1832.

BAIRD'S HEIRS
vs
PARKER.

to the latter, who stipulated a mortgage in the act of sale on the lots by him purchased, to secure the payment of the price to the vendor, &c. The first instalment of the debt due by Parkins was paid; the second, which became due on the first of March, 1820, was on the 18th of February, 1819, transferred and assigned by Livingston to Samuel Elkins. ‧ The only consideration expressed in the act of assignment, is one thousand dollars, but it is shown by the testimony of Reynolds and Elkins, that other things entered into this consideration, viz: a debt due by the assignor to the assignee, and the undertaking of the latter to pay to Baird, for the former, one thousand four hundred dollars, when the money should be collected from Parkins; and in pursuance of this agreement, the bill of exchange was drawn and accepted as above stated.

On the twentieth of August, 1820, Elkins retransferred this debt to Parker for the sum of three thousand eight hundred and thirty six dollars and fifty-four cents; a part of the consideration of this retransfer to Parker was his *assumpsit* to pay the acceptance of the transferor in favor of Baird. That acceptance seems to have been conditional and payable only when the whole amount of the four thousand and fifty dollars, due from Parkins, should be collected. Parker, so soon as he became proprietor of the claim against Parkins, by the assignment from Elkins, pursued the debtor to insolvency, and obtained only about one-half the sum owing by him.

The transfer of a debt upon the considera-tion in part, that the trans-ferree should pay a certain portion of the proceeds to a third person when the debt was collected, gives no cause of action a-gainst the

In the original transfer from ‧Parker to Livingston, no stipulation is made in favor of Baird. Nor is there any made in the written contract of assignment from Livingston to Elkins. The only obligation the latter assumed in rela-tion to Baird, is that which results from his acceptance of Livingston's draft, and this seems to have been conditional, and the condition, the accomplishment of which was neces-sary to render the obligation of the acceptor absolute, has not yet happened and probably never will; as but little more than half the amount of the debt from Parkins has been

collected, and he is shown to have died insolvent. Now, if Elkins had continued to be the holder of the claim against Parkins, and had pursued him for its recovery with the same diligence which Parker exercised, the plaintiffs would have no legal claim against him, on his acceptance made in favor of their ancestor, for that was conditional, and has never become absolute.

The defendant being placed by the contract of retransfer precisely in the situation in which the transferror would have been without this retrocession, it follows as corollary, that he is not bound to pay the sum promised by the acceptor of the bill, as that promise was contingent, and the contingency necessary to render it absolute has not happened.

The defendant is, therefore, not responsible to the plaintiffs for the debt by them claimed in the present action.

As to the warranty of the defendant, in relation to the solvency of Parkins, either express or implied by the manner in which he transferred the claims to Livingston, if any such ever did exist, it is believed it was annulled by the express stipulations in the contract of retrocession made by Elkins; wherein, as has been already shown, Parker assumed no other obligations, except such as his assignor had taken on himself, touching the payment to be made to Baird out of the fund which was expected from Parkins.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court, be affirmed with costs.

*Janin,* for appellant. *Preston,* for appellee.

EASTERN DIS.
July, 1832.

transferree until the debt is collected, or at least more cessary to cover the transferrees own debt.

The transferree is exonerated from responsibility to such third person by pursuing the debtor to insolvency. Although the transferree had originally assigned the debt warranting the solvency of the debtor, if it be retransferred to him by a subsequent assignee on condition that he pay a third person a certain sum, in case he collects the debt, he is not bound to such third person on his original warranty.